# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Michael E. Hoffman,　　　　　　　　　　　　Case No. 3:16CV02648

　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　**ORDER**

Nancy A. Berryhill,
Acting Commissioner of Social Security,

　　　　Defendant

This is a Social Security case in which plaintiff, Michael Hoffman, challenges the Commissioner's decision denying his application for period of disability and supplemental security income benefits.

An administrative law judge found that Hoffman, despite suffering from a combination of physical and mental impairments, was not disabled. This was so, the ALJ concluded, because Hoffman: 1) had the residual functional capacity (RFC) to perform "light work"; and 2) was therefore capable of working as a housekeeping cleaner, marker, or bagger. (Doc. 9, ID 78, 82).

Pending is Magistrate Judge Greenberg's Report and Recommendation which recommends that I vacate the Commissioner's decision and remand the case for further proceedings. (Doc. 14).

The Magistrate Judge found that, in formulating the physical restrictions of Hoffman's RFC, the ALJ essentially ignored the wealth of evidence corroborating Hoffman's claims of debilitating pain following his October 2012 surgery to correct his Chiari malformation. (*Id.* at 698-705). Although Hoffman submitted "more than a dozen medical records" cataloguing his difficult recovery, "the ALJ considered only three," "cherry-picking" those that supported a finding that

plaintiff "recovered from surgery without any complication." (*Id.* at 700–03).

However, "[b]ased on a comprehensive review of the record," the Magistrate Judge concluded that the ALJ's findings were "not an accurate depiction" of plaintiff's post-operative condition. (*Id*. at 701). To prove the point, the Magistrate Judge summarized medical records from ten of Hoffman's post-operative evaluations, detailing "abnormal findings" of pain, numbness, weakness in plaintiff's back, neck, and upper extremities. (*Id.* at 701–02). He further noted that the ALJ overlooked the "treatment notes that *were* mentioned" in the few records the ALJ actually discussed, which indicated that Hoffman "ha[d] been battling with neuropathic pain" and "cramping in his thoracic spine." (*Id.* at 703–04).

Because Magistrate Judge Greenberg found that the ALJ's "RFC determination [wa]s not supported by substantial evidence," he recommended "that this matter be remanded for a comprehensive consideration of the record evidence from the relevant period." (*Id.* at 705). Regarding Hoffman's second claim of error–that the ALJ "erred by assigning only 'little weight'" to the opinion of Hoffman's treating psychiatrist–he likewise recommended that "the ALJ reconsider" the psychiatrist's opinion on remand, "in light of a complete assessment of the record evidence."(*Id.* at 706).

The Commissioner has indicated that she will not be filing an objection to the Report and Recommendation. (Doc. 15).

There being no objection to the Report and Recommendation, which I find, in any event, to be well-taken and correct, it is hereby

ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 14) be, and the same

hereby is, adopted as the order of the court; and

2. The Commissioner's decision be, and the same hereby is, vacated, and this case is remanded to the Commissioner for further proceedings consistent with this order and the Report and Recommendation.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge